## Snavely v. Hackenburg.

*Actions—Trespass—Negligence—Personal injuries — Jurisdiction—Workmen's Compensation Law—Employment — Casual employment — Temporary employment.*

1. The Court of Common Pleas has jurisdiction to entertain an action of trespass, brought by a workman against his employer, to recover damages for personal injuries, where the statement of claim indicates that the plaintiff was engaged in a casual employment not within the scope of the Workmen's Compensation Act.

2. Casual employment, as the term is used in the Workmen's Compensation Act of 1915, means such employment as is not regular, such as continues for a short period only, such as occurs incidentally and occasionally, and such as is not in the regular course of the business of the employer. If the hiring be incidental or occasional for a limited time and temporary purpose, though within the scope of the master's business, the employment is casual.

3. One who is employed to assist in moving a building, where the employment cannot continue for more than a few days, is engaged in a casual employment which is not subject to the provisions of the Workmen's Compensation Act.

*Practice, C. P.—Trespass—Negligence—Master and servant — Statement of claim—Averments—Sufficiency.*

4. In an action of trespass to recover damages for personal injuries, the statement of claim set forth the following averments: The plaintiff was hired by the defendant to assist in moving a building. While so engaged the plaintiff went under the building to replace some rollers. The engine had been stopped and the cables by which the building was being drawn were slack. The defendant started the engine while the plaintiff was under the building and the cables were thereby drawn taut, with the result that the plaintiff received therefrom the injuries complained of: *Held*, the statement of claim sufficiently charged the defendant with the negligence which caused the plaintiff's injuries.

5. The foregoing averments having been set forth in plain language, the statement is not subject to objection as being vague, indefinite and uncertain by reason of the fact that it was not set forth definitely just how the cables were fastened to the building.

Affidavit of defence raising questions of law. C. P. Union Co., Sept. T., 1922, No. 58.

*Frederic E. Bower,* for plaintiff; *Andrew A. Leiser,* for defendant.

POTTER, P. J., June 22, 1923.—An affidavit of defence was filed in this case raising questions of law, which will be taken up and disposed of numerically, the first being as follows: "Said statement of claim does not show that this court has jurisdiction of the claim as made."

It was contended at the argument of the case that if the plaintiff is entitled to compensation or damages by reason of his injuries, his claim should be made under the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736, and that this action at law for damages will not lie.

Section 104 of the Workmen's Compensation Act provides as follows: "The term *employee,* as used in this act, is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration, *exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer,*" &c.

The question to be here determined is, Was the employment of the plaintiff casual in character and not in the regular course of the business of his employer?

If it was casual and not in the regular course of the business of the employer, then the present suit would lie and the Workmen's Compensation Act would not apply. If it was not casual and was in the regular course of

4 D. & C.

the business of the employer, then the action at law would not lie, and the proceedings should be had under the Workmen's Compensation Act.

In order to arrive at a solution of this question, we must determine what is meant by the term *casual employment*.

*Casual* is defined in Worcester's Unabridged Dictionary as occasional, not constant.

Casual, as an adjective, is defined in 11 Corpus Juris, page 28, as happening or coming to pass without apparent cause, without design on the part of the agent, in an unaccountable manner, as a coincidence or accident, happening by accident or brought about by unknown cause, not designedly brought about, coming by chance, by chance, accidental, fortuitous, indeterminate, unexpected, unforeseen, without regularity, occasional and incidental.

Casual employment, therefore, must mean such employment as is not regular, such as continues for a short period only, such as occurs incidentally and occasionally, and such as is not in the regular course of the business of the employer.

In the case of Blake v. Wilson, 268 Pa. 469, a school teacher was employed by a farmer to paint a silo for the sum of $15 or thereabouts, and it was held to be casual employment and not in the regular course of the business of the employer. An employee's engagement is casual when it comes about by chance and for no fixed duration.

In the case of Callihan v. Montgomery, 272 Pa. 56, it was held that if the hiring be incidental or occasional, for a limited time and temporary purpose, though within the scope of the master's business, the engagement is casual.

The case of Glatfelter v. American Phosphorous Co., 26 Dist. R. 1072, seems to be relied upon by counsel for the defendant as tending to show that in the case at bar the court has no jurisdiction and that the aid of the Workmen's Compensation Act should be invoked, and that no statement in writing was filed showing that the provisions of article III was not intended to apply. In that case the employee had been in the employ of his employer continuously for over three years and his employment was not casual, could not be in any manner so considered. The plaintiff, therefore, had to seek redress for his injuries under the provisions of the Workmen's Compensation Act, and an action at law could not lie. That case is entirely unlike the case at bar and the legal principles enunciated in it do not apply here. The test as to whether the Workmen's Compensation Act applies or not is whether the employment is casual or not.

The statement in writing mentioned in section 302 (a) is necessary only when the employment is not casual and when it falls within the provisions of the Workmen's Compensation Act.

In the present case the defendant employed the plaintiff to assist in moving a building, which employment could not continue more than a few days. In the light of the law as hereinbefore quoted, we must find that the employment was casual and did not fall within the provisions of the Workmen's Compensation Act, and no statement in writing was necessary from either party.

We are clearly of the opinion that this court has jurisdiction of the matters involved in this case.

The second reason is as follows: "Said statement of claim does not set out a cause of action against the defendant."

The control, management and direction of the moving of this said building was placed by the defendant in the hands of Frank J. Hutchinson, but the plaintiff was hired by the defendant and not by Hutchinson. The relation of master and servant existed between the plaintiff and the defendant. Hutch-

inson was only the manager of the movement of the building. He could not discharge or hire employees. Those employed by the defendant in assisting to move the building worked for him under the direction of Hutchinson, who was a fellow-employee and not an independent contractor. The statement of claim very clearly sets out that the defendant "started the engine" which was used to pull the building, by means of which the plaintiff was injured. This statement of the plaintiff very clearly lays the fault of his injuries at the door of the defendant. Had the defendant struck the plaintiff, causing him injury, no one would for a moment contend but that the plaintiff would have had a cause of action against him. In this case he injures the plaintiff by starting the engine, as alleged in the statement of claim. We think the language of the plaintiff in his statement sufficiently charges the defendant with being responsible for his injuries.

The statement sets out that the rollers on which the building was being moved ran off the track, the engine was stopped, and the plaintiff went beneath the house or building to readjust the rollers and the track. It is contended that the statement does not show that the plaintiff was rightfully under said building when he was injured. It is true he does not state who told him to go under the building. However, he was in the employ of the defendant, was employed to help move the building. The readjustment of the rollers and the track was incident to the moving of it and was in the course of his employment. It was not necessary for any one to specifically order him to go beneath the building. He was to help move the building and do such work as was necessary in this respect, whether it was to readjust the rollers or anything else incident to the moving of the building. We, therefore, hold that the plaintiff was rightfully under the building, whether he was there or not by direction, and was engaged in his regular employment when he was injured. In paragraph five of the statement of claim it is distinctly stated that Hutchinson gave orders and directions, before beginning the moving of the building, that if the house was halted for any reason, it should not be moved again until the signal "all right" was announced from both sides. The plaintiff had a right to believe this order would be observed. There was nothing to lead him to believe otherwise. Therefore, when he went under the building he did so with a sense of belief that he could with safety take the proper steps to readjust the rollers and the track, and, in so doing, he assumed all the ordinary risks of his employment, such as might result to him with the building not in motion and with the engine not pulling. But the starting of the engine by the defendant and the tightening of the cables with the resultant injury to the plaintiff, with no orders given for the engine to start when he was under the building, was an extraordinary risk which could not be foreseen and which was entirely unexpected, and from the language used in the statement of claim, we cannot hold him guilty of contributory negligence. If he is, it is a matter to be brought out on the trial of the case. At this time we are not attempting to pass upon any of the facts of the case; we are only regarding the language used in the statement of claim.

The third and fourth reasons are as follows:

"Said statement of claim is vague, indefinite, uncertain and self-contradictory, and insufficient in law to sustain plaintiff's claim against the defendant."

"Said statement is in other respects uncertain, informal and insufficient in law."

As to these two reasons we can only say that we think the plaintiff's statement of claim is couched in very plain language and can be plainly under-

stood. It is very plain that a cable must have been passed through under the building, and when the engine was not pulling, the weight of it caused it to sag or drop to the ground, and this is the cable that must have injured the plaintiff by being drawn taut and by being raised up against the floor of the building when the engine was pulling. Just how these cables were fastened to the building, or where, are questions, along with others, that, no doubt, will be properly explained by the evidence given on the trial of the case. If there are allegations in the statement of claim that do not appear clear now, they, no doubt, will be clearly understood when the evidence respecting them is detailed by the witnesses, and we think an opportunity for so doing should be given.

We feel that the statement of claim sufficiently sets out the plaintiff's complaint.

And now, to wit, June 22, 1923, the reasons why the plaintiff cannot recover from the defendant, as set out in the affidavit of defence filed as a statutory demurrer, are dismissed, and the case is ordered on the trial list for next term of this court.

From Charles P. Ulrich, Selins Grove, Pa.